## JOHNSON v. CAPITAL CITY BENEFIT SOCIETY.

### No. 5359.

Court of Appeals of District of Columbia.

Argued Feb. 5, 1932.

Decided March 7, 1932.

Vernon B. Lowrey, of Washington, D. C., for plaintiff in error.

Henry I. Quinn, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

PER CURIAM.

This was a suit upon an industrial type insurance policy. The policy provided the premiums should be paid "on or before each and every Monday during the continuance of this contract," and should be void "when in arrears more than four Mondays." The single question presented is as to the construction of the provision last quoted.

Insured died Tuesday, August 5. All premiums due had been paid up to Monday July 14. A payment was due on that day, but was not made. At the time of his death, there were due payments on July 14, 21, 28, and August 4, all of these days being Mondays.

Appellant insists that the policy had not lapsed because the provision of the policy "in arrears more than four Mondays" should be read "more Mondays than four Mondays," but no authority is cited to support this contention, and we are not impressed with it. Substantially the contrary was held in Bauserman v. Blunt, 147 U. S. 647, 660, 13 S. Ct. 466, 472, 37 L. Ed. 316, where the expression "for more than five years" was held to mean five years and one day.

We think, however, the lapse of the policy may be avoided on another ground. To have lapsed, it must have been four Mondays in arrears. To be in arrears, it must be "past due." The due date of the premium, as we have seen, was July 14. Insured had all of that day in which to pay the premium, and he was not in arrears until that day had passed, so that it was not until Tuesday July 15 that he was in arrears. In this view, the previous Monday cannot be counted as a Monday in arrears, and, since the death of insured occurred prior to the fourth Monday following, it would seem to us to follow that the policy was in effect at the time of his death. To hold otherwise would require us to say that the term "when in arrears more than four Mondays" meant in arrears more than four payments, and this would require that we construe the policy more favorably to the insurer than to the insured, and this would violate a primary rule of construction in such cases.

Reversed and remanded for a new trial in accordance with this opinion.